```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California State Bar No. 110984
 7       United States Courthouse
         312 N. Spring Street, Suite 1400
 8       Los Angeles, California  90012          E-FILED 01-05-11
         Telephone:  (213) 894-5710              JS-6
 9       Facsimile:  (213) 894-7177
         Email:      frank.kortum@usdoj.gov
10
11  Attorneys for Plaintiff
    United States of America
12
                    UNITED STATES DISTRICT COURT
13
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
                          WESTERN DIVISION
15
    UNITED STATES OF AMERICA,    )   NO.  CV 09-0623 GHK (FFMx)
16                               )
             Plaintiff,          )   [PROPOSED]
17                               )
             v.                  )   CONSENT JUDGMENT
18                               )
    ONE 2006 LAMBORGHINI GALLARDO)   [NOTICE OF LODGING LODGED
19  SPYDER, et al.,              )   CONCURRENTLY HEREWITH]
                                 )
20           Defendants.         )
                                 )
21  ─────────────────────────────
                                 )
    JUAN RANGEL,                 )
22                               )
             Claimant.           )
23                               )
    ─────────────────────────────
24
25       On January 27, 2009, plaintiff United States of America

26  ("plaintiff" or the "government") filed a Complaint for

27  Forfeiture against the defendant properties as follows: One 2006

28  Lamborghini Gallardo Spyder, VIN # ZHWGU22T06LA04041 ("defendant
```

1  Lamborghini"), One 2007 Dodge Ram 3500 Dually, VIN #
2  3D7ML48C77G741613 ("defendant Dodge"), One 2007 Audi Q7, VIN #
3  WA1BV74L87D089790 ("defendant Audi"), $4,903.18 in United States
4  currency ("defendant currency"), consisting of $4,550.00 in
5  United States currency and 3,810.00 Mexican Pesos, One 18K Yellow
6  Gold Rolex Watch ("defendant Rolex watch"), One H Stern Watch
7  ("defendant Stern watch"), and One Springfield Armory Handgun
8  ("defendant handgun") (collectively, the "defendants").  The
9  government alleged that the defendants were subject to forfeiture
10 pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and 984.  On
11 February 4, 2009, the government filed a First Amended Complaint
12 amending the amount of the defendant currency to $4,833.07 in
13 United States currency.
14      Claimant Juan Rangel ("Rangel") filed a Verified Claim on
15 February 27, 2009.  JPMorgan Chase Bank is a lienholder, but is
16 relieved of its obligation to file a claim and answer in this
17 litigation.  No other claims, statements of interest, or answers
18 have been filed, and the time for filing claims, statements, and
19 answers has expired.
20      Plaintiff and claimant have reached an agreement that is
21 dispositive of the action.  The parties hereby request that the
22 Court enter this Consent Judgment of Forfeiture.  **WHEREFORE, IT**
23 **IS ORDERED, ADJUDGED AND DECREED:**
24      1.   This court has jurisdiction over the parties and the
25 subject matter of this action.
26      2.   Notice of this action has been given in accordance with
27 law.  All potential claimants to the defendants other than
28 claimant are deemed to have admitted the allegations of the

1  Complaint.  The allegations set out in the Complaint are
2  sufficient to establish a basis for forfeiture.
3       3.   The United States of America shall have judgment as to
4  the defendants, and no other person or entity shall have any
5  right, title or interest therein.  The United States Marshals
6  Service is ordered to dispose of the defendants in accordance
7  with law.
8       4.   With respect to the Lamborghini the terms of this
9  Consent Judgment are subject to (1) the terms of any valid lien
10 that may exist on that vehicle; and (2) the terms of any
11 stipulation or other agreement between any lienholder and the
12 government that may be necessary to protect the valid interests
13 of either party.
14      5.   Claimant hereby releases the United States of America,
15 its agencies, agents, and officers, including employees and
16 agents of the Federal Bureau of Investigation, from any and all
17 claims, actions or liabilities arising out of or related to this
18 action, including, without limitation, any claim for attorney's
19 fees, costs or interest which may be asserted on behalf of the
20 claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.
21      6.   Plaintiff, United States of America, agrees that it
22 will not seek to recover civil sanctions (except to the extent
23 that the forfeiture of the defendant vehicle can be considered a
24 civil sanction), attorney's fees or costs in connection with this
25 action or the underlying seizure.
26      7.   The Court finds that there was reasonable cause for the
27 seizure of the defendants and institution of these proceedings.
28 //

FDK: hw

This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: **1/5/2010**

_____
THE HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The government and claimant consent to judgment and waive any right to appeal.

DATED: December ___, 2010    ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: December ___, 2010

_____
JANET SHERMAN, ESQ.

Attorney for Claimant
Juan Rangel

DATED: December ___, 2010    _____
JUAN RANGEL, CLAIMANT

FDK: hw